**Pjeter NIKOLLAJ, Petitioner,**

v.

**Michael B. MUKASEY, United States**

Attorney General [1], Respondent.

No. 07–0535–ag.

United States Court of Appeals, Second Circuit.

Feb. 6, 2008.

Thomas V. Massucci, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; David Dauenheimer, Senior Litigation Counsel; Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.[2]

## SUMMARY ORDER

Petitioner Pjeter Nikollaj, a native of Kosovo in the former Yugoslavia, seeks review of a January 19, 2007 order of the BIA affirming the September 30, 2005 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pjeter Nikollaj*, No. A97 486 091 (B.I.A. Jan. 19, 2007), *aff'g* No. A97 486 091 (Immig. Ct. N.Y. City Sept. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). This Court reviews legal issues, and the application of law to fact, *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's

reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ The BIA properly concluded that the harm to which Nikollaj testified did not rise to the level of persecution. *Beskovic v. Gonzales*, 467 F.3d 223, 226 n. 3 (2d Cir.2006). Nikollaj testified that Muslim teenagers set fire to his bakery because he was an Albanian Muslim and that, when confronted, one of the arsonists' fathers threatened to kill him. The agency considered the record, including the total absence of any physical abuse or detention, and determined that the alleged harm did not rise to the level of past persecution. *Cf. Poradisova v. Gonzales*, 420 F.3d 70 (2d Cir.2005) (remanding where the agency failed to consider "significant portions of the [petitioners'] testimony" in assessing past persecution). This Court has found that where the immigration court correctly applies the definition of persecution to the facts of the case, it will not "quarrel with the decision; for we recognize that the difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). Here, the agency's finding that Nikollaj did not establish that he suffered past persecution is supported by substantial evidence.

■ Even if the incidents Nikollaj described were considered persecution, the agency properly concluded that he failed to meet his burden of showing that the government was unable or unwilling to control the persons who perpetrated them. *Ivanishvili*, 433 F.3d at 341. As the IJ noted,

---

**2.** Circuit Judge Thomas J. Meskill, a member of this panel, passed away before he could consider this petition. The remaining members of the panel, who are in agreement, have ruled on the petition and issued this order pursuant to Second Circuit Local Rule 0.14(b).

there was clearly religious and ethnic hostility in Kosovo at the time Nikollaj resided there. However, the agency's finding that the government was making an effort to address these problems and to protect practicing Catholics is supported by the record. Nikollaj testified that members of KFOR, a Kosovo peacekeeping force, escorted him to church and protected Catholic events. Furthermore, the 2004 State Department Report on Religious Freedom for Serbia (Kosovo) states that Catholic leaders reported good relations with the Muslim community and that they had no significant problems relating to their treatment. Nikollaj's claim that one Kosovo police officer did not want to help him is insufficient to compel us to conclude that the government was unwilling to control private actors who sought to harm Albanian Catholics in Kosovo.

■ With regard to Nikollaj's contention that "any reasonable finder of fact" would be compelled to conclude that he established a well-founded fear of persecution, we note that such bare assertions are insufficient to constitute a meaningful argument. Indeed, Nikollaj has come dangerously close to waiving any challenge to the agency's well-founded fear finding. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (issues not sufficiently argued in briefs may be deemed waived).

Nevertheless, we note that the agency properly concluded that Nikollaj failed to produce any evidence that the government would persecute him on account of his identity as an Albanian Catholic. The agency also found that the reasonableness of his fear of returning to Kosovo was undermined by the fact that his family had continued to live in Kosovo unharmed. *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Thus, substantial evidence supports the agency's finding that

Nikollaj did not establish a well-founded fear of persecution. Accordingly, the denial of his application for asylum was not in error.

Because Nikollaj's withholding claim is premised on the same set of facts that the IJ found insufficient to establish eligibility for asylum, the denial of withholding of removal was also proper. *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, to the extent that Nikollaj's CAT claim was based upon the same factual predicate as his application for asylum and withholding, the agency's burden of proof finding was also fatal to that claim. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).